UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY DANE TILLMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:18-cv-1043-KOB-GMB |
| WARDEN GEORGE EDWARDS, *et al.*, | ) |
| Respondents. | ) |

# **MEMORANDUM OPINION**

Petitioner Timothy Dane Tillman seeks federal habeas relief under 28 U.S.C. § 2254. (Doc. 1). The Magistrate Judge entered a report on July 30, 2021 recommending the denial of Tillman's petition. (Doc. 23). The Magistrate Judge further recommended the denial of Tillman's request for a status conference. (Doc. 23). Tillman filed objections to the Report and Recommendation. (Doc. 24). After a careful *de novo* review, the court concludes that Tillman's objections are due to be overruled.

Tillman divides his objections into two general categories. He first asserts specific objections focused on the trial court's denial of his request for new appointed counsel immediately before trial. (Doc. 24 at 5–12). He also objects generally to "the procedure leading up to the issuance of the Report and

Recommendation." (Doc. 24 at 2).

## I. SPECIFIC OBJECTIONS

### A. Denial of Continuance and Right to Counsel

Tillman objects to the Magistrate Judge's recommendation that the court deny his habeas claim related to the trial court's denial of his motion for a continuance and right to choose his trial counsel. (Doc. 24 at 5–20). First, Tillman contends that the Report and Recommendation errs in its acceptance of the opinion by the Alabama Court of Criminal Appeals ("ACCA") regarding the basis for the trial court's refusal to continue the trial. (Doc. 24 at 6–7). Second, Tillman contends that certain portions of both the Magistrate Judge's recitation of the facts and the conclusions based on those facts are incorrect. The court addresses Tillman's contentions below.

#### *1. ACCA Opinion*

Tillman argues that the Magistrate Judge endorsed reasons manufactured by the ACCA for affirming the trial court's denial of his continuance request in direct contravention of *United States v. Jiminez-Antunez*, 820 F.3d 1267, 1272–73 (11th Cir. 2016). (Doc. 24 at 6–7). The court disagrees. In *Jiminez-Antunez*, 820 F.3d at 1271, the Eleventh Circuit held that a district court ordinarily cannot require a defendant to show good cause to dismiss retained counsel. The Eleventh Circuit further found that the district court "had offered no reasons why granting the motion would have interfered with the fair, orderly, and effective administration of the court,

and we cannot necessarily infer any reasons from the record." *Id*. at 1272–73. *Jiminez-Antunez* thus recognized that a trial court's basis for denying a motion to withdraw to "prevent potential manipulation," *id.* at 1272, may be implicit in the trial-court record. In *Jiminez-Antunez*, *see id.* at 1270, however, the motion to withdraw had been filed six weeks before the relevant sentencing hearing and the Eleventh Circuit found that the record did not support an inference that granting the motion would have interfered with the fair, orderly, and effective administration of the court.

Unlike *Jiminez-Antunez*, the record here supports an inference that Tillman's request for new counsel would have interfered with the effective administration of his trial. The trial court received Tillman's "official written notice" that he wanted new counsel on June 15, 2021, the Friday before trial was set to commence on Monday (Doc. 11-13 at 16), and no evidence in the record suggests that Tillman notified the court of his desire for a new attorney before this date. A trial court maintains "wide latitude in balancing the right of counsel of choice against the needs of fairness, and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (citations omitted). Trial courts therefore retain the discretion to "make scheduling and other decisions that effectively exclude a defendant's first choice of counsel." *Id*. As *Jiminez-Antunez*, 820 F.3d at 1271, permits, this court can infer from the immediate proximity to trial and lack of prior

3

notice that this decision was just such an exercise of discretion.

Additionally, Tillman's argument ignores the district court's standard of review for habeas petitions. "To clear the § 2254(d) hurdle, a habeas petitioner 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Reed v. Sec'y, Fla. Dep't of Corr.*, 767 F.3d 1252, 1261 (11th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). The Supreme Court mandates "no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate" the right to counsel of choice. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id*.

The ACCA's opinion reviewed the record and detailed the reasons presented to the trial court when it denied the request for continuance. (Doc. 11-31 at 4 & 7).[1] The ACCA made no unreasonable factual or legal determinations. Instead, as the Magistrate Judge explained, Tillman had numerous opportunities to raise the issue of new counsel with the trial court, including but not limited to hearings that took

---

[1] *See generally* (Docs. 11-1 to 11-27); *see also* (Doc. 11-12 at 42-43); (Doc. 11-16 at 173); (Doc. 11-13 at 13–14, 16–26); (Doc. 11-14 at 90); (Doc. 11-26 at 66–67).

place on April 3, May 1, May 8, and June 12, 2012. (Doc. 23 at 25). And Tillman did not need a hearing to place the court on notice that he was seeking new counsel because he could have filed a motion or drafted a letter to the trial court. (Doc. 23 at 25–26). That is exactly what he did, but he waited until the business day before trial to tell the court that he wanted David Schoen to represent him as his "counsel of choice" at trial. (Doc. 11-13 at 16). Additionally, as noted by the Magistrate Judge, the record does not establish that Schoen "definitely agreed to represent Tillman. Instead, he explicitly conditioned his agreement to represent Tillman on securing both a trial continuance and investigative funds. Schoen also had a specific scheduling conflict with the June 18, 2012 trial date." (Doc. 23 at 26–27) (citing Doc. 11-13 at 20). For these reasons, Tillman's objections related to the Magistrate Judge's analysis of the ACCA opinion are **OVERRULED**.

### 2. *Factual Objections*

Tillman also objects to certain aspects of the factual findings in the Report and Recommendation. The court addresses these below but notes that it will not entertain the new factual assertions and arguments Tillman raised for the first time in his objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (holding that a district court does not abuse its discretion in declining to consider an argument not presented to the magistrate judge); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (finding in accordance with the First, Fifth, and Tenth

5

Circuits that a district court "is not required to[ ] consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation").

Tillman's primary factual objection is the Report and Recommendation's "omission of any mention of the undisputed record evidence that Tillman and Schoen met with Jacobs weeks before the trial and were given the assurance by Jacobs that he would immediately file a motion for continuance and make the trial court aware that Tillman wanted to proceed with retained (pro bono) counsel for trial." (Doc. 24 at 8); *see also* (Doc. 24 at 9–10, 15–16). The record does not support this assertion. In fact, no evidence in the record suggests that Tillman asked Jacobs to inform the trial court of his desire for new counsel or that Jacobs agreed to make this request during the May 30, 2012 meeting.

Instead, Schoen's affidavit states that Jacobs said that "he would be filing a motion for continuance of the trial date" based on his agreement with Schoen that no lawyer could provide effective assistance of counsel if the case remained scheduled for June 18th because of the amount of material to be reviewed and witnesses to be located and interviewed. (Doc. 11-13 at 21). Although Schoen states that Tillman said "he would prefer to have the trial continued in order to have [Schoen] represent him at trial" (Doc. 11-13 at 21), no evidence indicates that Jacobs agreed to file a motion for continuance based on Tillman's desire to have new

6

counsel.[2] Additionally, the court notes that Tillman never made this assertion in his Rule 32 petition (doc. 11-26 at 67), his reply brief (*see* doc. 11-27 at 5), or the affidavit he attached to his motion to vacate the denial of his Rule 32 petition (doc. 11-27 at 3). For these reasons, the court rejects Tillman's argument that the Magistrate Judge erred by omitting this purportedly undisputed evidence.

Next, Tillman argues that the record establishes that the trial court "would never let a new lawyer in the case no matter what, if it meant moving the trial date." (Doc. 24 at 14). Again, the evidence does not support Tillman's assertions. Schoen's affidavit states that during a phone call on May 8, 2012, Jacobs told Schoen "that he had just had a status conference in the case and that the judge had set a trial date of June 18, 2012, and that during that conference the judge expressly had said that if Mr. Tillman retained new counsel for the retrial, he absolutely would not grant a continuance of that June 18th trial date." (Doc. 11-13 at 19–20). The trial court did not say that it would not permit new counsel. Instead, the evidence reflects that the court stated that the retention of new counsel would not result in a continuance.

---

[2] As noted by the Magistrate Judge, Tillman did not discuss his desire for new counsel in the May 23, 2012 letter to the ACCA detailing the reasons why he needed a continuance. (Doc. 11-26 at 92). In fact, nowhere in the ACCA letter did Tillman mention the prospect of new counsel, much less complain that his appointed counsel had refused to file a motion for continuance based on his desire for new counsel. (Doc. 11-26 at 92). Instead, the letter mirrored in virtually every respect the written motion for continuance filed by his appointed counsel on June 11, 2012 and denied by the trial court on June 12, 2012. *Compare* (Doc. 11-26 at 92), *with* (Doc. 11-13 at 13). Until his reply brief and the pending objections, Tillman never suggested that appointed counsel had refused to file a motion for continuance based on his desire for new counsel.

7

These are fundamentally different pronouncements.

In sum, the vast majority of Tillman's objections to the Report and Recommendation are overbroad mischaracterizations of the evidence in the record. The Magistrate Judge's recitation of the facts and the conclusions based on those facts are supported by the record. For these reasons, Tillman's objections are **OVERRULED**.

**B.    Ineffective Assistance of Counsel for Failure to Raise a Right to Counsel of Choice Claim**

Tillman objects to the Report and Recommendation's findings and conclusions regarding his ineffective assistance of counsel claim.[3] (Doc. 24 at 130). He contends that the rejection of the claim "that trial counsel was ineffective for failing to raise the right to counsel of choice issue before the trial court because the claim was meritless" is based on "faulty premises, completely unsupported by the record" and "contrary to absolutely undisputed record evidence and omits the most relevant facts which completely undermine it." (Doc. 24 at 13). However, as discussed above, Tillman's arguments regarding the Magistrate Judge's alleged misstatement of facts are not supported by the record. And because the substantive claim is meritless, counsel was not ineffective for failing to raise it. *See Ladd v.*

---

[3] The court does not consider Tillman's objections related to an alleged conflict of interest. (Doc. 24 at 13 & 20). Tillman did not raise this conflict-of-interest argument before filing his objections. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams*, 557 F.3d at 1292.

*Jones*, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them."). For this reason, Tillman's objections are **OVERRULED**.

## II.  GENERAL OBJECTIONS

Tillman also objects to the procedure leading to the issuance of the Report and Recommendation. He contends that the Magistrate Judge "limited his submissions to a response to a directive to Show Cause why the case should not be summarily dismissed, rather than order full briefing." (Doc. 24 at 21). He also objects to the Magistrate Judge's failure to conduct an evidentiary hearing. (Doc. 24 at 4 & 21).

The court overrules these general procedural objections. Tillman had ample opportunity to present his arguments in support of his habeas petition. After the respondents filed an answer and exhibits, the court explained that the case was ripe for summary disposition under Rule 8(c) of the Rules Governing Section 2254 cases and specifically notified Tillman of his right to file affidavits and other materials to show why his petition should not be denied on the basis of the answer and record filed by the respondents. (Doc. 12 at 1). The Magistrate Judge granted multiple motions for extension of time to respond (docs. 13, 14, 16, 17, 18 & 19), and counsel for Tillman ultimately filed a 42-page brief in support of Tillman's habeas petition. (Doc. 20). Tillman did not request an opportunity to submit any additional briefing

9

before the Magistrate Judge entered the Report and Recommendation.[4]

With respect to the lack of an evidentiary hearing, the court notes that Tillman never made an explicit request for an evidentiary hearing. Instead, in the concluding section of his reply brief, Tillman stated that "the case must be set for an evidentiary hearing" (doc. 20 at 41), but he did so without offering any supporting argument. Even if the court considered this reference to be a formal request for an evidentiary hearing, Tillman did not make the requisite showing. "[T]he burden is on the petitioner in a habeas corpus proceeding to allege sufficient facts to support the grant of an evidentiary hearing and . . . this court will not blindly accept speculative and inconcrete claims as the basis upon which a hearing will be ordered." *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982) (quotation marks omitted)). Tillman's unsupported request in his reply brief does not satisfy this burden.

For these reasons, Tillman's general objections are **OVERRULED**.

### III.  CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the Petitioner's objections to it, the court ADOPTS the Magistrate Judge's report (doc. 23) and ACCEPTS his recommendation. Tillman's motion for a status conference (doc. 22) is **DENIED** as

---

[4] Tillman's motion for a status conference (doc. 22) became moot upon the filing of the Report and Recommendation.

**MOOT**.  Accordingly, the court **ORDERS** that Tillman's claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 are due to be **DENIED**.  Finally, Tillman's request for a Certificate of Appealability is due to be **DENIED** because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DONE and ORDERED this 23rd day of September, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE